012913.0016.23.00614498.001     UNITED STATES BANKRUPTCY COURT     1208543.Court.278
Case 12-08543-8-SWH   Doc 13   Filed 02/04/13   Entered 02/04/13 09:40:06   Page 1 of 8
Eastern District of North Carolina Wilmington Division

```
1208543-Court-A-U.S.                          IN RE
RICHARD POOLE                                 RITA ELAINE CANTY
ATTORNEY AT LAW                               2601 HASTINGS DRIVE
720 N 3RD STREET SUITE 502
WILMINGTON, NC 28401                          WILMINGTON, NC 28411
                                              SSN or Tax I.D.   XXX-XX-9787

Chapter 13
Case Number:  12-08543-8-JRL
```

                                                 U.S. BANKRUPTCY COURT
                                               1760-A PARKWOOD BLVD
                                               WILSON, NC 27893

                       NOTICE OF MOTION FOR CONFIRMATION OF PLAN

ROBERT R. BROWNING, Chapter 13 Trustee has filed papers with the Court to Confirm the Chapter 13 Plan.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to consider your views on the motion, then on or before 03/01/2013, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

        U.S. Bankruptcy Court
        Eastern District of North Carolina
        1760-A Parkwood Blvd
        Wilson, NC  27893

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

```
Debtor(s):                  Attorney:                          Trustee:
RITA ELAINE CANTY           RICHARD POOLE                      ROBERT R. BROWNING
2601 HASTINGS DRIVE         ATTORNEY AT LAW                    P.O. BOX  8248
WILMINGTON, NC 28411        720 N 3RD STREET SUITE 502         GREENVILLE, NC 27835
                            WILMINGTON, NC 28401
```

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

```
Date:  January 29, 2013                   ROBERT R. BROWNING
                                          Chapter 13 Trustee
                                          P.O. BOX  8248
                                          GREENVILLE, NC 27835
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                                         CASE NUMBER: 12-08543-8-JRL

**RITA ELAINE CANTY**

CHAPTER 13

DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on January 8, 2013, or has supplied answers to written interrogatories;

2. The debtor(s) has/have complied with all requirements of 11 U.S.C §521 (a) (1) (B) and Interim Bankruptcy Rules 1007 and 4002 (b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521 (i);

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. That the trustee has reviewed the schedules and relative information in the debtor(s) petition and has made a determination of the disposable income for the debtor(s) in this case. The calculation of disposable income impacts on what, if any, dividend will be received by unsecured creditors. The debtor(s) plan provides for payments of:

    | | | | |
    |---|---|---|---|
    | $930.00 | for | 57 | Months |
    | | for | | Months |
    | | for | | Months |
    | | for | | Months |

To the extent that the Plan requires early termination, without payment to general unsecured creditors, prior to the end of the 36 month or 60 month periods required in 11 U.S.C. § 1325(b)(4), said termination is not recognized by this Motion and said Plan shall not terminate prior to the required 36 or 60 month period as the case may be.

**THE ANALYSIS OF THIS PLAN INDICATES THE GENERAL UNSECURED CREDITORS WILL RECEIVE A DIVIDEND. IF FUNDS ARE AVAILABLE TO THE UNSECURED CLASS THE EXACT AMOUNT TO BE PAID EACH CLAIM CANNOT BE CALCULATED AT THIS TIME;**

<u>Debtors With No Projected Disposable Income.</u> If it has been determined that Debtor(s) has/have no projected disposable income and no equity in property pursuant to the liquidation test to be applied for the benefit of general unsecured creditors the obligation of the debtor(s) to make such payments shall cease upon payment to the Trustee of a sum sufficient to pay all allowed arrearage claims on secured debts, or other allowed secured claims (not including those to be paid "outside" the plan), unsecured priority claims, administrative claims and co-sign protect claims (if any) in full, along with the amount indicated below to be paid on general unsecured claims. <u>IN SUCH EVENT THE GENERAL UNSECURED CLAIMS WILL BE PAID $0.00 THROUGH THIS PLAN.</u>

5. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this plan;

6. Generally, and subject to orders entered hereafter by the Court, any proof of claim that is not filed on or before April 8, 2013 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before June 3, 2013 ("Government Bar Date") shall be disallowed;

7. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below:

    a. Claims to be paid directly by the Debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| (014) HANOVER FINANCIAL SERVICES | 2003 NISSAN ALTIMA | DIRECT |

    b. Continuing Long Term Debts to be paid by the Trustee:

The trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| (900 & 901) BANK OF AMERICA HOME LOANS | MORTGAGE | CONTRACTUAL AND POST PETITION PAYMENTS TO BE MADE BY THE TRUSTEE |

    c. Claims paid to extent of claims as filed (no cramdown):

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| (015) HANOVER FINANCIAL SERVICES | 2003 NISSAN ALTIMA ARREARS | NONE FILED | 0% PRO-RATA WITHIN LIFE OF THE PLAN |
| (902) BANK OF AMERICA HOME LOANS | MORTGAGE ARREARS | $3,601.45 SECURED | 0% PRO-RATA WITHIN LIFE OF THE PLAN-**NO CLAIM FILED** |

e. Claims to be avoided by the debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

Provided sufficient funds are available, and a proof of claim has been filed and allowed, the secured creditors listed above can expect to receive a minimum monthly payment equal to 1% of the value of their collateral.

8. **LONG TERM RESIDENTIAL MORTGAGE CLAIMS** shall be paid in a manner consistent with that November 5, 2009 Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments.

   Administrative Arrearage Claim Treatment Under Conduit Order. If the mortgage creditor on a mortgage subject to the "Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments Effective January 1, 2010" (hereinafter "Conduit Order") files a Proof of Claim for post petition arrearages that includes the two month "Administrative Arrearage" as defined in the Conduit Order, the Trustee has used that two month portion of the claimed amount as the Administrative Arrearage. In that event, Trustee has established that two month Administrative Arrearage claim as a separate claim and reduced the amount stated in the mortgage creditors proof of claim accordingly.

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as: "Abandon," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic co-debtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(a)(1), as allowed by Local Rule 4001-1(b):

   NONE

Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief;

10. That the treatment of claims indicated in paragraphs 7 and 8 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased/Contracted For | Treatment |
|---|---|---|
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. That confirmation of the Plan vests all property of the estate in the debtor(s);

15. That the attorney for the debtor(s) is requesting fees in the amount of $3,700.00 . The Trustee recommends to the Court a fee of $3,700.00 . If the recommended fee is different from that requested an explanation can be found in Exhibit 'A'.

s/ Robert R. Browning
Robert R. Browning
Standing Chapter 13 Trustee

<u>**EXHIBIT 'A'**</u>             **CASE NUMBER:  12-08543-8-JRL**
**DEBTORS:    RITA ELAINE CANTY**

**EMPLOYMENT:**
Debtor:     NEW HANOVER COUNTY             GROSS INCOME:     $20,799.96
            COMMUNITY ACTION
            507 N 6^(TH) STREET
            WILMINGTON NC 28401
Spouse:                                                       $0.00
<u>**Prior Bankruptcy cases:**</u>    Yes ☐    No ☒    If so, Chapter ____ filed ____

Disposition:
<u>**Real Property**</u>:  House and Lot ☒  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☐
Description:   RESIDENCE
FMV            $123,280.00            Date Purchased
Liens          $136,013.00            Purchase Price
Exemptions                            Improvements
Equity         $   0.00               Insured For
Rent                                  Tax Value

**COMMENTS:**

<u>**Attorney**</u>     Requested:     $3,700.00     (excluding filing fee)
<u>**Fees**</u>:        Paid:          $700.00       (excluding filing fee)
              Balance:       $3,000.00

**Trustee's Recommendation:**         $3,700.00
Comments:

<u>**Plan Information**</u>:
Plan Information:         After 341                          Payout % After 341
Total Debts   $69,631.00   Pay in          $53,010.00        Priority    100.00%
Priority      $3,000.00    Less    8.00%  $4,240.80          Secured     100.00%
Secured       $44,657.98   Subtotal        $48,769.20        Unsecured   0.00%
Unsecured     $21,973.02   Req. Atty. Fee  Incl. w/ claims   Joint       0.00%
Joint Debts   $0.00        Available       $48,769.20        Co-Debts    0.00%
Co-Debtor     $0.00

                              **Annual Review:**    Yes ☐      No ☐
                              **Payroll Deduction:** Yes ☐     No ☒
<u>Objection to Confirmation:</u>    Yes ☐      No ☐

   Pending:    SEE COURT DOCKET
   Resolved:   SEE COURT DOCKET

<u>Motions Filed:</u>    Yes ☐    No ☐

   If so, indicate type and status:   SEE COURT DOCKET

Hearing Date:

| CASE: 1208543 | TRUSTEE: 23 | COURT: 278 | Page 1 of 2 |
|---|---|---|---|
| TASK: 01-28-2013.00614498.LSA000 | | DATED: 01/29/2013 | |

| | | | | |
|---|---|---|---|---|
| Court | | Served Electronically | | |
| Debtor | | RITA ELAINE CANTY | | 2601 HASTINGS DRIVE<br>WILMINGTON, NC 28411 |
| 799 | 000002 | RICHARD POOLE<br>720 N 3RD STREET SUITE 502 | | ATTORNEY AT LAW<br>WILMINGTON, NC 28401 |
| 019 | 000025 | NCO FIN/09 | | 507 PRUDENTIAL<br>HORSHAM, PA 19044 |
| 016 | 000008 | INTERNAL REVENUE SERVICE | | PO BOX 7317<br>PHILADELPHIA, PA 19101-7317 |
| 001 | 000011 | FIA CARD SERVICES NA<br>PO BOX 15102 | | BANK OF AMERICA NA<br>WILMINGTON, DE 19886-5102 |
| 030 | 000035 | BANK OF AMERICA<br>4161 PEIDMONT PWY | | NC4-105-03-14<br>GREENSBORO, NC 27420-8110 |
| 018 | 000009 | NC DEPARTMENT OF REVENUE | | PO BOX 58787<br>RALEIGH, NC 27658 |
| 003 | 000013 | BULL CITY FINANCIAL SOLUTIONS | | 1107 W. MAIN STREET, SUITE 201<br>DURHAM, NC 27701 |
| 002 | 000012 | BB&T<br>PO BOX 1847 | | BANKRUPTCY SECTION 100-50-01-51<br>WILSON, NC 27894-1847 |
| 017 | 000024 | JON BARRY & ASSOCIATES | | PO BOX 127<br>CONCORD, NC 28206-0000 |
| 028 | 000033 | SEAN M CORCORAN<br>5121 PARKWAY PLAZA DR STE 300 | | BROCK AND SCOTT<br>CHARLOTTE, NC 28217 |
| 008 | 000018 | FINANCIAL DATA SYSTEMS | | 1638 MILITARY CUTOFF ROAD<br>WILMINGTON, NC 28403 |
| 009 | 000019 | FINANCIAL DATA SYSTEMS | | 1638 MILITARY CUTOFF ROAD<br>WILMINGTON, NC 28403 |
| 010 | 000020 | FINANCIAL DATA SYSTEMS | | 1638 MILITARY CUTOFF ROAD<br>WILMINGTON, NC 28403 |
| 011 | 000021 | FINANCIAL DATA SYSTEMS | | 1638 MILITARY CUTOFF ROAD<br>WILMINGTON, NC 28403 |
| 014 | 000006 | HANOVER FINANCIAL SERVICES | | 4230 MARKET STREET<br>WILMINGTON, NC 28403-1409 |
| 015 | 000007 | HANOVER FINANCIAL SERVICES | | 4230 MARKET STREET<br>WILMINGTON, NC 28403-1409 |
| 020 | 000010 | NEW HANOVER COUNTY TAX OFFICE | | PO BOX 18000<br>WILMINGTON, NC 28406 |
| 013 | 000023 | GEMB/WALMART | | PO BOX 103104<br>ROSWELL, GA 30076 |
| 023 | 000029 | TEK COLLECT | | 871 PARK STREET<br>COLUMBUS, OH 43215-1441 |
| 007 | 000017 | CREDIT FIRST/CFNA<br>PO BOX 818011 | | ATTN: MANAGING AGENT<br>CLEVELAND, OH 44181 |
| 024 | 000028 | T-MOBILE | | PO BOX 742596<br>CINCINNATI, OH 45274-2596 |
| 012 | 000022 | GECRB/ASHLEY FURNITURE | | 950 FORRER BLVD<br>KETTERING, OH 45420 |
| 027 | 000032 | WELLS FARGO BANK NA<br>MAC X2505-016 | | PO BOX 10438<br>DES MOINES, IA 50306 |

CASE: 1208543      TRUSTEE: 23      COURT: 278
TASK: 01-28-2013.00614498.LSA000      DATED: 01/29/2013

| | | | |
|---|---|---|---|
| 022 | 000027 | SEARS | PO BOX 6282<br>SIOUX FALLS, SD 57117-6282 |
| 004 | 000014 | CAP ONE | P O BOX 5253<br>CAROL STREAM, IL 60197 |
| 025 | 000030 | VERIZON WIRELESS | PO BOX 3397<br>BLOOMINGTON, IL 61702-3397 |
| 031 | 000036 | BANK OF AMERICA<br>PTX-B-209 | 7105 CORPORATE CENTER DRIVE<br>PLANO, TX 75024 |
| 021 | 000026 | NISSAN INFINITY LT | 8900 FREEPORT PARKWAY<br>IRVING, TX 75063 |
| 026 | 000031 | WELLS FARGO FINANCIAL CARD SERVICES | PO BOX 660041<br>DALLAS, TX 75266-0041 |
| 900 | 000003 | BANK OF AMERICA | PO BOX 660933<br>DALLAS, TX 75266-0933 |
| 901 | 000004 | BANK OF AMERICA | PO BOX 660933<br>DALLAS, TX 75266-0933 |
| 902 | 000005 | BANK OF AMERICA | PO BOX 660933<br>DALLAS, TX 75266-0933 |
| 005 | 000015 | CAPITAL ONE<br>PO BOX 30285 | ATTN: MANAGING AGENT<br>SALT LAKE CITY, UT 84130-0285 |
| 029 | 000034 | CAPITAL ONE NA<br>3936 E FT LOWELL ROAD SUITE #200 | BASS AND ASSOCIATES PC<br>TUSCON, AZ 85712 |
| 006 | 000016 | CONVERGENT OUTSOURCING | 800 SW 39TH STREET<br>RENTON, WA 98057 |

37 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 01/29/2013.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   01/29/2013   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail